UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALICIA ESSELSTROM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TEMPUS AI, INC., a Delaware Corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL |

## I.   INTRODUCTION

1.1   This is a civil action seeking damages and equitable relief for egregious gender bias and discrimination, retaliation, and wrongful termination in violation of the Washington Law Against Discrimination (WLAD), RCW 49.60, *et seq*.

1.2   Plaintiff Alicia Esselstrom ("Plaintiff" or "Ms. Esselstrom"), a highly qualified executive, was recruited by Defendant Tempus AI, Inc. ("Defendant Tempus") in a Senior Director role, only to face a hostile and overtly sexist work environment, culminating in her unlawful termination.

## II.   PARTIES

2.1   Plaintiff is an individual residing in King County, Washington.

2.2   Defendant Tempus is a corporation headquartered in Illinois, conducting business in King County, Washington.

COMPLAINT FOR DAMAGES - 1

HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

### III. JURISDICTION AND VENUE

3.1 This Court has jurisdiction over this action under 28 USC §1332 because Defendant Tempus is diverse from Plaintiff and the amount in controversy exceeds $75,000.

3.2 This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367(a) because Plaintiff's claims are so related to claims in the action within such original jurisdiction that the claims form part of the same case or controversy.

3.3 Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because the acts or omissions giving rise to Plaintiff's claims occurred in Snohomish County, Washington.

### IV. FACTUAL BACKGROUND

4.1 Ms. Esselstrom holds a master's degree in Business Administration and was aggressively recruited by Phil Johnson of Tempus for a role promising $300,000 per year in base salary, plus bonuses, lucrative benefits, significant collaboration with Defendant's executive team, and rapid advancement to a Vice President promotion.

4.2 Ms. Esselstrom commenced her employment on April 18, 2023, working diligently to fulfill her responsibilities and exceeding expectations by driving high-level strategic initiatives for Defendant.

4.3 Despite her qualifications and contributions, Ms. Esselstrom encountered a pervasive and hostile sexist environment toward women and feminine leadership at Defendant Tempus, which systematically favored male employees and stereotypically male attitudes and conduct.

4.4 Ms. Esselstrom was routinely disrespected and marginalized by male colleagues, especially Max Banza and Bob Lopez, who consistently excluded her from critical meetings without justification, questioned or overrode her decisions, and undermined her effectiveness. Specifically, on or about January 2024, Plaintiff reviewed her new direct report, Nick Virkler, provided him feedback for improvement, and did not recommend him for a promotion. However, because Virkler is male and Defendant favors male employees, Bob Lopez began pushing hard for Virkler to get a promotion despite that the fact that Virkler was only with Defendant for less

than a year and Plaintiff recommended against promotion. This is an example of how Defendant operates for male employees – fast tracked promotion while female employees are held back and/or criticized for the same or better work than male employees.

4.5     About the same time, Plaintiff discovered that a female employee under her supervision, Bailey Eisen, was paid substantially less than Nick Virkler. When Eisen was move to Lopez' team, Plaintiff complained about the "huge difference" in compensation between Eisen and Virkler for the same or similar work. Plaintiff's complaints to Defendant about sex/gender discrimination were ignored, demonstrating Defendant Tempus's silent approval of a sexist culture, and later the cause of retaliation against her.

4.6     In or about August 2023, during a company reorganization, nearly every female employee, including Plaintiff, were targeted for evaluation and potential elimination, but only one male employee was on the evaluation list, highlighting a clear discriminatory bias in favor of male employees.

4.7     During Ms. Esselstrom's employment, Defendant Tempus's awards and recognition programs were overwhelmingly biased in favor of male employees, further entrenching gender discrimination within Defendant Tempus's culture. When Ms. Esselstrom tried to suggest deserving female colleagues to celebrate with awards, her recommendations were ignored.

4.8     On February 23, 2024, Ms. Esselstrom was terminated by Defendant Tempus under the pretext of "too much senior leadership on the operations team." Yet, mere weeks after her termination, Defendant Tempus posted a job listing for a position nearly identical to Ms. Esselstrom's former role, revealing the layoff as a pretext for her wrongful termination based on retaliation and gender discrimination.

## V.     CAUSES OF ACTION

**COUNT ONE – Unfair practices of employers under the Washington Law Against Discrimination ("WLAD")  (RCW 49.60.180)**

5.1     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

5.2     Defendant discriminated against and discharged Plaintiff because of Plaintiff's sex and/or gender in violation of the WLAD.

5.3     As a direct and proximate cause of the unlawful acts committed by Defendant, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to past and future wage and benefits loss, emotional distress, loss of enjoyment of life, humiliation, pain, suffering, personal indignity, embarrassment, fear, anxiety, anguish and other nonpecuniary losses. Plaintiff is also entitled to recovery reasonable costs of suit and attorney fees pursuant to Washington law.

**COUNT TWO – Retaliation Against Whistleblower (RCW 49.60.210)**

5.4     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

5.5     Defendant discriminated against Plaintiff in the terms, conditions and/or privileges of employment because Plaintiff opposed unlawful employment practices under RCW Chapter 29 or filed a charge with the EEOC. As such, Plaintiff's opposition as a whistleblower was protected activities under Washington law.

5.6     Defendant's actions, its agents and employees acting within the course and scope of their duties as set forth above and incorporated into this paragraph, violated Plaintiff's rights under RCW Chapter 49.

5.7     Plaintiff's protected activity was a substantial and motivating factor for the above-described retaliatory actions and decisions made by Defendant, including but not limited to Plaintiff's termination.

5.8     As a direct and proximate cause of the unlawful acts committed by Defendant, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to past and future wage and benefits loss, emotional distress, loss of enjoyment of life, humiliation, pain, suffering, personal indignity, embarrassment, fear, anxiety, anguish and other nonpecuniary losses. Plaintiff is also entitled to recovery reasonable costs of suit and attorney fees pursuant to Washington law.

**COUNT THREE – Wrongful Termination in Violation of Public Policy**

5.9     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

5.10    Defendant discharged Plaintiff because she asserted rights to which she was entitled to under Washington Law.

5.11    Discouraging the conduct in which Plaintiff engaged, asserting her rights under Washington Law, jeopardizes these important public policies.

5.12    As a direct and proximate cause of the unlawful acts committed by Defendant, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to past and future wage and benefits loss, emotional distress, loss of enjoyment of life, humiliation, pain, suffering, personal indignity, embarrassment, fear, anxiety, anguish and other nonpecuniary losses.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.   Damages for back pay and benefits lost and for future pay and benefits lost;

B.   Actual damages;

C.   Statutory damages;

D.   Liquidated damages;

E.   Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

F.   Punitive damages;

G.   Pre- and post-judgment interest in an amount to be proven after trial;

H.   Compensation as tax relief associated with any recovery on claims herein;

I.   Reasonable attorney fees and costs;

///

///

///

1     J.    Injunctive relief; and

2     K.    Whatever further and additional relief this Court shall deem just and equitable.

3     DATED this 22nd day of August, 2024.

**HKM EMPLOYMENT ATTORNEYS LLP**

*/s/ Patrick L. McGuigan*
Patrick L. McGuigan, WSBA No. 28897
**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, WA 98101-1225
Telephone: (206) 838-2504
*Attorneys for Plaintiff Alicia Esselstrom*