The Honorable Tana Lin

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALICIA ESSELSTROM, an individual, | Case No. 2:24-cv-01319 |
| Plaintiff, | **DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT** |
| v. | |
| TEMPUS AI, INC., a Delaware Corporation, | |
| Defendant. | |

Defendant TEMPUS AI, INC. ("Defendant") hereby submits its Answer, Affirmative, and Other Defenses to Plaintiff Alicia Esselstrom's ("Plaintiff") Complaint as follows:

## I.   INTRODUCTION

**COMPLAINT ¶1.1:**

This is a civil action seeking damages and equitable relief for egregious gender bias and discrimination, retaliation, and wrongful termination in violation of the Washington Law Against Discrimination (WLAD), RCW 49.60, *et seq*.

**ANSWER:**

Paragraph 1.1 of the Complaint purports to state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring the above action but denies that Plaintiff was subjected to discrimination, retaliation, or

DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT - [CASE NO. 2:24-CV-01319] - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

313588897v.5

unlawful conduct alleged in the Complaint, and denies the remaining allegations contained in Paragraph 1.1.

**COMPLAINT ¶1.2:**

Plaintiff Alicia Esselstrom ("Plaintiff" or "Ms. Esselstrom"), a highly qualified executive, was recruited by Defendant Tempus AI, Inc. ("Defendant Tempus") in a Senior Director role, only to face a hostile and overtly sexist work environment, culminating in her unlawful termination.

**ANSWER:**

Defendant admits that Phil Johnson of Tempus contacted Plaintiff about an open Senior Director role. The remaining allegations in Paragraph 1.2 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 1.2.

## II.   PARTIES

**COMPLAINT ¶2.1:**

Plaintiff is an individual residing in King County, Washington.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2.1 of the Complaint.

**COMPLAINT ¶2.2:**

Defendant Tempus is a corporation headquartered in Illinois, conducting business in King County, Washington.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 2.2 of the Complaint.

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

313588897v.5

### III.  JURISDICTION AND VENUE

**COMPLAINT ¶3.1:**

This Court has jurisdiction over this action under 28 USC §1332 because Defendant Tempus is diverse from Plaintiff and the amount in controversy exceeds $75,000.

**ANSWER:**

Paragraph 3.1 of the Complaint purports to state a legal conclusion to which no response is required. To the extent that a response is deemed required, Defendant admits that the parties are diverse but denies that the amount in controversy exceeds $75,000.

**COMPLAINT ¶3.2:**

This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367(a) because Plaintiff's claims are so related to claims in the action within such original jurisdiction that the claims form part of the same case or controversy.

**ANSWER:**

Paragraph 3.2 of the Complaint purports to state a legal conclusion to which no response is required. To the extent that a response is deemed required, Defendant admits the allegations contained in Paragraph 3.2.

**COMPLAINT ¶3.3:**

Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because the acts or omissions giving rise to Plaintiff's claims occurred in Snohomish County, Washington.

**ANSWER:**

Paragraph 3.3 of the Complaint purports to state a legal conclusion to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 3.3.

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

313588897v.5

## IV.  FACTUAL BACKGROUND

**COMPLAINT ¶4.1:**

Ms. Esselstrom holds a master's degree in Business Administration and was aggressively recruited by Phil Johnson of Tempus for a role promising $300,000 per year in base salary, plus bonuses, lucrative benefits, significant collaboration with Defendant's executive team, and rapid advancement to a Vice President promotion.

**ANSWER:**

Defendant admits that upon information and belief, Plaintiff holds a Master's degree in Business Administration, and that Phil Johnson of Tempus contacted Ms. Esselstrom about an open role. Defendant denies the remaining allegations contained in Paragraph 4.1 of the Complaint.

**COMPLAINT ¶4.2:**

Ms. Esselstrom commenced her employment on April 18, 2023, working diligently to fulfill her responsibilities and exceeding expectations by driving high-level strategic initiatives for Defendant.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 4.2 of the Complaint.

**COMPLAINT ¶4.3:**

Despite her qualifications and contributions, Ms. Esselstrom encountered a pervasive and hostile sexist environment toward women and feminine leadership at Defendant Tempus, which systematically favored male employees and stereotypically male attitudes and conduct.

**ANSWER:**

Paragraph 4.3 of the Complaint purports to state a legal conclusion to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 4.3.

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

313588897v.5

**COMPLAINT ¶4.4:**

Ms. Esselstrom was routinely disrespected and marginalized by male colleagues, especially Max Banza and Bob Lopez, who consistently excluded her from critical meetings without justification, questioned or overrode her decisions, and undermined her effectiveness. Specifically, on or about January 2024, Plaintiff reviewed her new direct report, Nick Virkler, provided him feedback for improvement, and did not recommend him for a promotion. However, because Virkler is male and Defendant favors male employees, Bob Lopez began pushing hard for Virkler to get a promotion despite that the fact that Virkler was only with Defendant for less than a year and Plaintiff recommended against promotion. This is an example of how Defendant operates for male employees — fast tracked promotion while female employees are held back and/or criticized for the same or better work than male employees.

**ANSWER:**

Defendant admits Plaintiff reviewed and provided feedback for Nick Virkler in or around January 2024, and that she did not recommend Virkler for a promotion. Defendant further admits that as of January 2024, Virkler had worked with Defendant for less than a year. Defendant denies the remaining allegations contained in Paragraph 4.4 of the Complaint.

**COMPLAINT ¶4.5:**

About the same time, Plaintiff discovered that a female employee under her supervision, Bailey Eisen, was paid substantially less than Nick Virkler. When Eisen was move [*sic*] to Lopez' [*sic*] team, Plaintiff complained about the "huge difference" in compensation between Eisen and Virkler for the same or similar work. Plaintiff's complaints to Defendant about sex/gender discrimination were ignored, demonstrating Defendant Tempus's silent approval of a sexist culture, and later the cause of retaliation against her.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 4.5 of the Complaint.

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

313588897v.5

**COMPLAINT ¶4.6:**

In or about August 2023, during a company reorganization, nearly every female employee, including Plaintiff, were [sic] targeted for evaluation and potential elimination, but only one male employee was on the evaluation list, highlighting a clear discriminatory bias in favor of male employees.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 4.6 of the Complaint.

**COMPLAINT ¶4.7:**

During Ms. Esselstrom's employment, Defendant Tempus's awards and recognition programs were overwhelmingly biased in favor of male employees, further entrenching gender discrimination within Defendant Tempus's culture. When Ms. Esselstrom tried to suggest deserving female colleagues to celebrate with awards, her recommendations were ignored.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 4.7 of the Complaint.

**COMPLAINT ¶4.8:**

On February 23, 2024, Ms. Esselstrom was terminated by Defendant Tempus under the pretext of "too much senior leadership on the operations team." Yet, mere weeks after her termination, Defendant Tempus posted a job listing for a position nearly identical to Ms. Esselstrom's former role, revealing the layoff as a pretext for her wrongful termination based on retaliation and gender discrimination.

**ANSWER:**

Defendant admits that Plaintiff's last day of employment with Tempus was February 23, 2024. Defendant denies that Plaintiff was terminated under any pretext, and denies that it posted a job listing for a nearly identical role weeks after her separation. The remaining allegations in Paragraph 4.8 of the Complaint purport to state legal conclusions to which no response is

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

313588897v.5

required. To the extent that a response is deemed required, Defendant denies the remaining allegations contained in Paragraph 4.8.

**V.      CAUSES OF ACTION**

**COUNT ONE - Unfair practices of employers under the Washington Law Against Discrimination ("WLAD") (RCW 49.60.180)**

**COMPLAINT ¶5.1:**

Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and incorporates by reference its responses to the preceding paragraphs of the Complaint.

**COMPLAINT ¶5.2:**

Defendant discriminated against and discharged Plaintiff because of Plaintiff's sex and/or gender in violation of the WLAD.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 5.2 of the Complaint.

**COMPLAINT ¶5.3:**

As a direct and proximate cause of the unlawful acts committed by Defendant, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to past and future wage and benefits loss, emotional distress, loss of enjoyment of life, humiliation, pain, suffering, personal indignity, embarrassment, fear, anxiety, anguish and other nonpecuniary losses. Plaintiff is also entitled to recovery reasonable costs of suit and attorney fees pursuant to Washington law.

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

313588897v.5

**ANSWER:**

Paragraph 5.3 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 5.3.

**COUNT TWO — Retaliation Against Whistleblower (RCW 49.60.210)**

**COMPLAINT ¶5.4:**

Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and incorporates by reference its responses to the preceding paragraphs of the Complaint.

**COMPLAINT ¶5.5:**

Defendant discriminated against Plaintiff in the terms, conditions and/or privileges of employment because Plaintiff opposed unlawful employment practices under RCW Chapter 29 [*sic*] or filed a charge with the EEOC. As such, Plaintiff's opposition as a whistleblower was protected activities under Washington law.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 5.5 of the Complaint.

**COMPLAINT ¶5.6:**

Defendant's actions, its agents and employees acting within the course and scope of their duties as set forth above and incorporated into this paragraph, violated Plaintiff's rights under RCW Chapter 49.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 5.6 of the Complaint.

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

313588897v.5

**COMPLAINT ¶5.7:**

Plaintiff's protected activity was a substantial and motivating factor for the above-described retaliatory actions and decisions made by Defendant, including but not limited to Plaintiff's termination.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 5.7 of the Complaint.

**COMPLAINT ¶5.8:**

As a direct and proximate cause of the unlawful acts committed by Defendant, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to past and future wage and benefits loss, emotional distress, loss of enjoyment of life, humiliation, pain, suffering, personal indignity, embarrassment, fear, anxiety, anguish and other nonpecuniary losses. Plaintiff is also entitled to recovery reasonable costs of suit and attorney fees pursuant to Washington law.

**ANSWER:**

Paragraph 5.8 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 5.8.

**COUNT THREE — Wrongful Termination in Violation of Public Policy**

**COMPLAINT ¶5.9:**

Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and incorporates by reference its responses to the preceding paragraphs of the Complaint.

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

313588897v.5

**COMPLAINT ¶5.10:**

Defendant discharged Plaintiff because she asserted rights to which she was entitled to under Washington Law.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 5.10 of the Complaint.

**COMPLAINT ¶5.11:**

Discouraging the conduct in which Plaintiff engaged, asserting her rights under Washington Law, jeopardizes these important public policies.

**ANSWER:**

Paragraph 5.11 of the Complaint purports to state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 5.11.

**COMPLAINT ¶5.12:**

As a direct and proximate cause of the unlawful acts committed by Defendant, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to past and future wage and benefits loss, emotional distress, loss of enjoyment of life, humiliation, pain, suffering, personal indignity, embarrassment, fear, anxiety, anguish and other nonpecuniary losses.

**ANSWER:**

Paragraph 5.12 of the Complaint purports to state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 5.12.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.   Damages for back pay and benefits lost and for future pay and benefits lost;

B.   Actual damages;

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

313588897v.5

C. Statutory damages;

D. Liquidated damages;

E. Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

F. Punitive damages;

G. Pre- and post-judgment interest in an amount to be proven after trial;

H. Compensation as tax relief associated with any recovery on claims herein;

I. Reasonable attorney fees and costs;

J. Injunctive relief; and

K. Whatever further and additional relief this Court shall deem just and equitable.

**ANSWER:**

Defendant denies the allegations in the Prayer for Relief and further denies that Plaintiff is entitled to any relief sought therein or any other relief sought by her Complaint.

## **GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint, not specifically admitted herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof except as required by law. Defendant reserves the right to plead any additional Affirmative and other Defenses during the pendency of this action.

## **FIRST DEFENSE**

(Failure To Exhaust Administrative Remedies)

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

313588897v.5

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with any procedural prerequisites prior to bringing her claims, the Court lacks jurisdiction over such claims or such claims are otherwise barred.

## SECOND DEFENSE

(Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

(No Authorization, Ratification, or Condonation)

To the extent Plaintiff alleges that any of Defendant's employees acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct if it occurred.

## FOURTH DEFENSE

(Statute Of Limitations)

To the extent Plaintiff's claims are based on any acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

## FIFTH DEFENSE

(*Prima Facie* Burden)

Plaintiff cannot set forth a *prima facie* case of discrimination, retaliation, wrongful termination, aiding and abetting discrimination and retaliation, or vicarious employer liability as against Defendant.

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 12

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

313588897v.5

## SIXTH DEFENSE

(*Respondeat Superior* – All Causes of Action)

Defendant neither engaged in, nor aided or abetted, nor authorized, encouraged, condoned, ratified, acquiesced, tolerated, or approved of any of the alleged discrimination or retaliation against Plaintiff, but instead prohibited and prohibits any such acts, and any such conduct may not be attributed to Defendant through principles of agency, *respondeat superior*, or otherwise.

## SEVENTH DEFENSE

(Legitimate, Non-Discriminatory Reasons)

Defendant avers that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate, non-discriminatory reasons.

## EIGHTH DEFENSE

(Waiver, Estoppel, Laches, Unclean Hands, and/or After-Acquired Evidence)

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or after-acquired evidence.

## NINTH DEFENSE

(Failure to Mitigate Damages)

To the extent Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

## TENTH DEFENSE

(Good Faith)

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 13

Seyfarth Shaw LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

313588897v.5

Plaintiff is not entitled to punitive, liquidated, and/or double damages because Defendant made good-faith efforts to comply with all applicable laws and did not act with malice or reckless disregard for Plaintiff's protected rights.

### ELEVENTH DEFENSE

(No Punitive Damages)

Plaintiff is not entitled to punitive or exemplary damages under Washington state law.

### TWELFTH DEFENSE

(Reasonable Care Taken by Defendant/Failure to Report)

Defendant has in place a strong, well-established policy against discrimination and otherwise exercised reasonable care to prevent and promptly correct any such behavior, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, enter judgment against Plaintiff, and award Defendant fees and costs, including but not limited to reasonable attorneys' fees incurred, and such other relief as the court deems just and proper.

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 14

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

313588897v.5

Respectfully submitted this October 2, 2024.

                                    SEYFARTH SHAW LLP

By: */s/Lauren Parris Watts*
     Lauren Parris Watts
     Grayson Moronta (*pro hac vice forthcoming*)
     999 Third Avenue, Suite 4700
     Seattle, Washington 98104-4041
     Phone:  (206) 946-4910
     Email:  lpwatts@seyfarth.com
               gmoronta@seyfarth.com

*Attorneys for Defendant*

---

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 15

313588897v.5

## CERTIFICATE OF SERVICE

I hereby declare that on October 2, 2024, I caused a copy of **DEFENDANT'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT** to be electronically filed with the Court using ECF-Filing system which will send notification of such filing to the following:

>Patrick L. McGuigan, WSBA No. 28897
>HKM EMPLOYMENT ATTORNEYS LLP
>600 Stewart Street, Suite 901
>Seattle, WA 98101-1225
>Telephone: (206) 838-2504
>*Attorneys for Plaintiff*

>*/s/Lauren Parris Watts*
>Lauren Parris Watts
>lpwatts@seyfarth.com

ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT
[NO. 2:24-CV-01319] - 16

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

313588897v.5