HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALICIA ESSELSTROM, an individual,<br><br>                        Plaintiff,<br><br>v.<br><br>TEMPUS AI, INC., a Delaware Corporation,<br><br>                        Defendant. | No. 2:24-cv-01319-TL<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS** |

## I.  INTRODUCTION

Plaintiff Alicia Esselstrom (hereinafter "Plaintiff") respectfully submits this memorandum in opposition to Defendant AI's hereinafter ("Defendant") Partial Motion to Dismiss.

First, Defendant's Motion to Dismiss is untimely and should be dismissed. Federal Rule of Civil Procedure 12(b)(6) requires that a motion to dismiss for failure to state a claim be made *before* the service of a responsive pleading. Defendant filed its Answer at 2:21 p.m. on October 2, 2024, only after which Defendant filed its Partial Motion to Dismiss.  Under FRCP 12(b)(6), Defendant's motion to dismiss is untimely and procedurally improper and should, therefore, be dismissed.

On the merits, Defendant's Partial Motion to Dismiss also fails.  Plaintiff's Complaint articulates clear causes of action for gender discrimination and wrongful termination grounded in factual allegations that, when accepted as true and in the light most favorable to the Plaintiff,

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

state claims for which relief can be granted. Defendant's Partial Motion to Dismiss fails to acknowledge the sufficiency of the Complaint and prematurely requests dismissal. In the alternative, at this early stage of litigation, Plaintiff should be granted leave to amend her Complaint.

## II.   STATEMENT OF FACTS

A.   Brief Factual Background.

Plaintiff Alicia Esselstrom ("Plaintiff" or "Ms. Esselstrom") holds a Master's Degree in Business Administration and was aggressively recruited by Defendant's Vice President of Data Sales, Phil Johnson, for a role promising $300,000 per year in base salary, plus bonuses, lucrative benefits, significant collaboration with Defendant's executive team, and rapid advancement to a Vice President promotion.  Dkt. #1, ¶4.1.

Ms. Esselstrom commenced her employment on April 18, 2023, and worked diligently to fulfill her responsibilities and exceeded expectations by driving high-level strategic initiatives for Defendant. *Id.*, ¶4.2. Despite her qualifications and contributions, Ms. Esselstrom encountered a pervasive and hostile sexist environment toward women and feminine leadership at Defendant, which systematically favored male employees and stereotypically male attitudes and conduct. *Id.*, ¶4.3.

Ms. Esselstrom was routinely disrespected and marginalized by male colleagues, especially Max Banza and Bob Lopez, who consistently excluded her from critical meetings without justification, questioned or overrode her decisions, and undermined her effectiveness. *Id.*, ¶4.4. Male colleagues were fast-tracked for promotion while female employees were held back and/or criticized for the same or better work than male employees. *Id.*

Specifically, on or about January 2024, Plaintiff reviewed her new direct report, Nick Virkler, provided him feedback for improvement, and did not recommend him for a promotion. *Id.* However, because Virkler is male and Defendant favors male employees, and against Plaintiff's recommendation not to promote him, Bob Lopez pushed hard for Virkler to get a promotion despite the fact that Virkler was only with Defendant for less than a year. *Id.* This

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1    exemplifies Defendant's discriminatory work environment where males are fast tracked for

2    promotion, but female employees are held back and/or criticized for the same or better work than

3    male employees. *Id.*

4        About the same time, Plaintiff discovered that a female employee under her supervision,

5    Bailey Eisen, was paid substantially less than Nick Virkler. *Id.*, ¶4.5. When Eisen was moved to

6    Lopez's team, Plaintiff complained about the "huge difference" in compensation between Eisen

7    and Virkler for the same or similar work.  Plaintiff's complaints to Defendant about sex/gender

8    discrimination were ignored, demonstrating Defendant's tacit approval of a sexist culture, and

9    later the cause of retaliation against her. *Id.*

10       In or about August 2023, during a company reorganization, nearly every female

11   employee, including Plaintiff, was targeted for evaluation and potential elimination, but only one

12   male employee was on the evaluation list, highlighting a clear discriminatory bias in favor of

13   male employees. *Id.*, ¶4.6.

14       During Ms. Esselstrom's employment, Defendant's awards and recognition programs

15   were overwhelmingly biased in favor of male employees, further entrenching gender

16   discrimination within Defendant's culture. *Id.*, ¶4.7. When Ms. Esselstrom proposed deserving

17   female colleagues to celebrate with awards, her recommendations were ignored. *Id.*

18       On February 23, 2024, Ms. Esselstrom was terminated by Defendant under the pretext of

19   "too much senior leadership on the operations team." *Id.*, ¶4.8. Yet, mere weeks after her

20   termination, Defendant posted a job listing for a position nearly identical to Ms. Esselstrom's

21   former role, revealing the layoff as a pretext for her wrongful termination based on retaliation

22   and gender discrimination. *Id.*

23       B.   Brief Procedural Background.

24       On August 22, 2024, Ms. Esselstrom filed this lawsuit alleging claims for gender

25   discrimination, retaliation, and wrongful termination.  Dkt. #1. Defendant was served on

26   September 11, 2024.  Defendant filed an Answer to the Complaint in its entirety at 2:21 p.m. on

27   October 2, 2024.  Dkt. #12. Only after filing its Answer did Defendant file its Partial Motion to

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - 3
No. 2:24-cv-01319-TL

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1    Dismiss at 2:33 p.m. on the same day.  Dkt. #14. The parties have not exchanged any documents

2    or otherwise engaged in discovery outside of the required Rule 26(f) conference and service of

3    Rule 26(a) initial disclosures.

### III.   ISSUE PRESENTED

4

5    1.   Should the Court deny the Defendant the Defendant's Motion to Dismiss because it was

6         improperly filed? **Yes.**

7    2.   Should the Court deny the Defendant's Motion to Dismiss because Plaintiff's Complaint

8         complies with the requirements of FRCP 12(b)(6)? **Yes.**

9    3.   Alternatively, should the Court grant Plaintiff leave to amend her Complaint? **Yes.**

### IV.   AUTHORITY AND ARGUMENT

10

11   A.   <u>Defendant is precluded from filing a 12(b)(6) Motion to Dismiss because Defendant first
          filed an Answer</u>

12         Federal Rule of Civil Procedure 12(b) allows for the filing of certain defenses by motion

13   made at the defendant's option. The rule states such motion "shall be made before pleading if a

14   further pleading is permitted." The filing of an answer is a pleading and a significant event in

15   litigation. *United States v. Real Prop. Located at 41430 De Portola Rd., Rancho California,* 959

16   F.2d 243 (9th Cir. 1992). The filing of an answer precludes certain other motion practice like the

17   filing of a motion or notice to dismiss by plaintiff. *Id.*  Under Federal Rule of Civil Procedure

18   12(b)(6), a motion to dismiss for failure to state a claim be made *before* the service of a

19   responsive pleading. *See Aetna Life Ins. Co. v. Alla Medical Services, Inc.,* 855 F.2d 1470, 1474

20   (9th Cir. 1988) (motion to dismiss under Rule 12(b) held untimely when filed after answer).

21         Defendant's Motion to Dismiss should be dismissed on procedural grounds because it

22   was filed *after* Defendant filed its Answer.  Under FRCP 12(b)(6), the filing of an Answer

23   precludes certain other motion practice like the filing of a motion or notice to dismiss by

24   plaintiff. *United States v. Real Prop. Located at 41430 De Portola Rd., Rancho California,* 959

25   F.2d 243 (9th Cir. 1992).  A motion to dismiss for failure to state a claim must be made *before*

26   the service of a responsive pleading. *See Aetna Life Ins. Co. v. Alla Med. Serv., Inc.,* 855 F.2d

27

1470, 1474 (9th Cir.1988) (motion to dismiss under Rule 12(b) held untimely when filed after answer).  Here, the Motion to Dismiss should be dismissed because it was not filed before Defendant's Answer.

B. <u>Plaintiff alleged sufficient facts for gender discrimination under the Federal pleading standard</u>

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff does not have to make "detailed factual allegations," a complaint must simply include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, a complaint must include sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id*. (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1998).

Plaintiff's Complaint sets forth sufficient factual allegations that state a claim for relief that is plausible on its face. The Plaintiff's complaint illustrates that the Plaintiff and other female employees were treated differently because of their gender, i.e., they were not given the same growth and promotion opportunities as men, and they were paid less than men even though they performed the same job. These facts allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged in the Plaintiff's complaint.

Defendant's motion is without any definitive authority. In *Walsh v. Health Management*

1   *Associates*, Case No. 11-CV- 3125, 2012 U.S. Dist. LEXIS 57491, at *6 (E.D. Wash. Apr. 23,

2   2012), the court found that the plaintiff's Second Amended Complaint did not contain facts

3   alleging one whole element of the WLAD gender discrimination claim, (satisfactory work) and

4   the other allegations were threadbare allegations "on information and belief." ("Although Walsh

5   has supplemented her complaint with three general allegations of age and gender discrimination

6   made 'on information and belief'…these allegations amount to mere speculation and are

7   therefore insufficient to state a claim for relief.") In stark contrast to *Walsh*, Plaintiff alleges

8   firsthand accounts of systematic and consistent gender discrimination, including specific

9   examples with names and dates of occurrence. These facts allow the Court to draw the

10  reasonable inference that the Defendant is liable to Plaintiff for gender discrimination and

11  wrongful termination.

12          Defendant's motion is without legitimate legal basis under Federal Rule of Civil

13  Procedure 8(a)(2): a pleading must contain a "short and plain statement of the claim showing that

14  the pleader is entitled to relief." Plaintiff is not required to give Defendant "detailed factual

15  allegations." *See Ashcroft*, 556 U.S. at 678. A motion to dismiss brought under Rule 12(b)(6)

16  requires the Court to review the Complaint "in the light most favorable to the non-moving

17  party," and to "take[] as true" all allegations of material fact. *Sprewell v. Golden State Warriors*,

18  266 F.3d 979, 988 (9th Cir. 2001). "All reasonable inferences" must be drawn in favor of the

19  non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). All that

20  plaintiff is required to allege are "enough facts to state a claim to relief that is plausible on its

21  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft*, 556 U.S. at 663. A claim

22  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

23  reasonable inference that the defendant is liable for the misconduct alleged. *Id*. A dismissal for

24  failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can

25  prove no set of facts that would entitle it to relief." *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.

26  1999). Plaintiff's complaint contains facts that allege specific systematic gender discrimination

27  and bias, easily clearing the pleading standard under FRCP 8(a)(2).

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

To defeat a Motion to dismiss, a plaintiff need not plead "magic words" in her claims, but rather the Court determines that the complaint contains facts that meet the legal standard. *Archey v. Hyche,* 935 F.2d 269 (6th Cir. 1991) ("to survive a 12(b)(6) motion does not depend upon allegations cast in the 'magic words' … we do test the sufficiency of the complaint by determining whether the facts as alleged may reasonably be construed to state a claim that meets those standards"). Thus, Defendant's insistence on the magic words "substantial factor" is unsupported by law.  Moreover, Defendant's reliance on *Scrivener v. Clark College* is misplaced because *Scrivener* was decided on summary judgment under FRCP Rule 56, not on a Motion to Dismiss under FRCP 12(b)(6).  Defendant's own motion acknowledged this when Defendant wrote, "the plaintiff must *ultimately prove* that her gender was a 'substantial factor' in Tempus' decision to terminate her." Dkt. #14, p. 5.  Plaintiff has nothing to *prove* to defeat a FRCP 12(b)(6) Motion to Dismiss because the court takes all allegations as true and draws all reasonable inferences in the plaintiff's favor. As outlined above, Plaintiff plead more than sufficient facts to establish the prima facie case for gender discrimination under the WLAD.

C.  <u>Plaintiff's wrongful termination claim meets the legal standard in Washington</u>

Defendant misleads the Court by citing overruled cases and mischaracterizing the law of wrongful termination in Washington.  Plaintiff properly alleged a wrongful termination claim and is not required to establish the inexistence of an adequate remedy at law.

i.  *Defendant cites overruled cases to argue that Plaintiff's Wrongful termination claim should be dismissed.*

Defendant cited *Hubbard v. Spokane County,* 146 Wash.2d 699, 50 P.3d 602 (2002), *Cudney v. ALSCO, Inc.,* 172 Wash.2d 524, 259 P.3d 244 (2011), and *Korslund v. DynCorp Tri-Cities Services, Inc.,* 156 Wash.2d 168, 178, 125 P.3d 119 (2005), for the position that Plaintiff must show the inadequacy of alternative remedies to allege wrongful termination.   But the Washington Supreme Court explicitly overruled all three cases cited by Defendant in *Rose v. Anderson Hay & Grain Co.*, holding that "the analysis of alternative adequate remedies misapprehends the role of the common law. The common law is free standing, and absent clear

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS - 7
No. 2:24-cv-01319-TL

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

legislative intent to modify the common law, its remedies are generally not foreclosed merely because other avenues for relief exist." *Rose v. Anderson Hay & Grain Co.*, 184 Wash.2d 268, 283, 358 P.3d 1139, 1145 (2015) (disavowing the requirement that plaintiff establish inadequacy of alternative remedies for purposes of establishing jeopardy element of the tort for wrongful discharge against public policy and overruling *Hubbard*, 146 Wash.2d at 699, *Cudney*, 172 Wash.2d at 524, and *Korslund*, 156 Wash.2d at 168.)

*ii. Defendant misstates the prima facie case for wrongful termination in Washington*

Defendant further misstates the law on wrongful termination in Washington by adding an unsupported requirement that the conduct is "extraordinary." The caselaw cited by Defendant has no such requirement but rather states the long-standing prima facie case in Washington. To plead a claim for wrongful discharge in violation of public policy, a plaintiff must show, "(1) that his or her discharge may have been motivated by reasons that contravene a clear mandate of public policy, and (2) that the public-policy-linked conduct was a significant factor in the decision to discharge the worker. *Mackey v. Home Depot USA, Inc.,* 12 Wash. App. 2d 557, 577–78, 459 P.3d 371, 384 (2020) (citing *Martin v. Gonzaga Univ.*, 191 Wash.2d 712, 725, 425 P.3d 837). *Mackey* goes on to list the four most common categories of wrongful discharge categories, including two that are alleged by Plaintiff here, "… (3) where employees are fired for exercising a legal right or privilege…; and (4) where employees are fired in retaliation for reporting employer misconduct, i.e., whistleblowing." *Mackey,* 12 Wash. App. 2d at 578. Plaintiff has plead facts sufficient to alleged that she was fired for exercising her legal rights and for reporting employer misconduct. Defendant's imaginary "extraordinary" requirement should be rejected, and the court should dismiss Defendant's Partial Motion for Summary Judgment.

D. Alternatively, The Court Should Grant Plaintiff Leave to Amend

Alternatively, if after assuming all facts as true and drawing all inferences in Plaintiff's favor, the court finds that any of her claims fail for lack of pleading specificity, Plaintiff seeks leave to amend under FRCP 15. Regarding leave to amend pleadings, the Court is instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Notably, even in the cases

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS - 8
No. 2:24-cv-01319-TL

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

cited by Defendant in its Partial Motion to Dismiss, the Court had granted a request by plaintiff to amend the Complaint.  *See Walsh v. Health Mgmt. Assocs.*, Case No. 11-CV- 3125, 2012 U.S. Dist. LEXIS 57491, at *6 (E.D. Wash. Apr. 23, 2012) (The court allowed the plaintiff to file an amended complaint to address deficiencies). Even when a complaint fails to state a claim for relief, however, "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by an amendment." *Harris v. Amgen, Inc*., 573 F.3d 728, 737 (9th Cir. 2009). The standard for granting leave to amend is generous. The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Coll.,* 655 F.3d 984, 995 (9th Cir. 2011). Here, the parties are early in the proceedings and have exchanged no discovery beyond initial disclosures. There is no prejudice to Defendant for the Court to grant Plaintiff leave to amend her Complaint for the first time.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Partial Motion to Dismiss and allow the case to proceed to discovery.

In the alternative, Plaintiff respectfully requests leave to amend her Complaint to add details the Court deems necessary to proceed under the asserted claims.

DATED this 23rd day of October, 2024.

HKM EMPLOYMENT ATTORNEYS LLP

*/s/ Patrick L. McGuigan*
Patrick L. McGuigan, WSBA No. 28897
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA 98101-1225
Telephone: (206) 838-2504
Email: plmcguigan@hkm.com
*Attorneys for Plaintiff Alicia Esselstrom*

I certify that this memorandum contains 2,846 words, in compliance with the Local Civil Rules.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - 9
No. 2:24-cv-01319-TL

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on October 23, 2024, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4  following:

5          Lauren Parris Watts, WSBA No. 44064
           Grayson Moronta, *pro hac vice*
6          Seyfarth Shaw LLP
7          999 Third Avenue
           Suite 4700
8          Seattle, WA 98104
           T: (206) 946-4910
9          lpwatts@seyfarth.com
           gmoronta@seyfarth.com
10

11         *Attorneys for Defendants*

12         Dated: October 23, 2024.

13                                                        */s/ Adam Love*_____
                                                         Adam Love, Paralegal
14                                                       **HKM EMPLOYMENT ATTORNEYS LLP**

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - 10
No. 2:24-cv-01319-TL

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504