UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA ESSELSTROM,<br><br>    Plaintiff,<br> v.<br>TEMPUS AI, INC.,<br><br>    Defendant. | CASE NO. 2:24-cv-01319-TL<br><br>ORDER ON MOTION TO DISMISS |

This matter comes before the Court on Defendant Tempus AI, Inc.'s partial Motion to Dismiss. Dkt. No. 14. Having reviewed the briefing and the relevant record, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

### I. BACKGROUND

This is an employment-discrimination case brought under the Washington Law Against Discrimination ("WLAD"), RCW 49.60. Plaintiff Alicia Esselstrom asserts that Defendant Tempus AI employed her as a Senior Director. Dkt. No. 1 ¶ 1.2. But while on the job, Plaintiff alleges that she "face[d] a hostile and overtly sexist work environment," which "culminat[ed] in

her unlawful termination." *Id.* Defendant, Plaintiff alleges, maintained "a pervasive and hostile sexist environment toward women and feminine leadership . . . , which systematically favored male employees and stereotypically male attitudes and conduct." *Id.* ¶ 4.3. Plaintiff alleges that her male colleagues "disrespected," "marginalized," "excluded," "questioned," and "undermined" her. *Id.* ¶ 4.4. Plaintiff alleges further that she complained to her employer about "sex/gender discrimination," including one instance where she called attention to a "huge difference" between the compensation of a male colleague and a female colleague who performed "same or similar work," and another where she attempted to gain recognition for female colleagues who were subject to an awards program that was allegedly "overwhelmingly biased in favor of male employees." *Id.* ¶¶ 4.5, 4.7. Plaintiff alleges that Defendant ignored her complaints. *Id.* Approximately 10 months after her hiring, Defendant terminated Plaintiff. *Id.* ¶ 4.8.

On August 22, 2024, Plaintiff filed the instant complaint, alleging sex- and/or gender-based discrimination and retaliation in violation of WLAD, and wrongful termination in violation of public policy. Dkt. No. 1 ¶¶ 5.1–5.12. On October 2, 2024, Defendant filed the instant partial Motion to Dismiss, arguing that two of Plaintiff's three causes of action fail to state a claim upon which relief may be granted, and that Plaintiff's prayer for punitive damages is unavailable under WLAD. *See* Dkt. No. 14 at 1–2.

## II. LEGAL STANDARD

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are

insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule . . . 12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

### III. Discussion

#### A. Timeliness of Defendant's Motion

Defendant's Motion is untimely. Under Rule 12(b), "A motion asserting [a defense of failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed." Plaintiff points out, accurately, that Defendant filed its Motion to Dismiss after filing its Answer to Plaintiff's Complaint. Dkt. No. 15 at 4. Indeed, Defendant filed its Answer at 2:21 p.m. on October 2, 2024 (Dkt. No. 12) and its Motion to Dismiss at 2:33 p.m. that same day (Dkt. No. 14). Defendant responds to Plaintiff's untimeliness argument by asserting that it "was not required to file an Answer while its Motion is pending." Dkt. No. 16 at 2. This argument is unavailing, however, because Defendant *did* file an Answer, thus making the subsequent pendency of its Motion to Dismiss irrelevant. Although the interval here is only 12 minutes, the plain fact is that Defendant's Answer preceded—and therefore preemptively invalidated—its Motion to Dismiss.

Notwithstanding this procedural defect, however, the Court will consider the merits of Defendant's motion. *See Eitel v. McCool*, 782 F.2d 1470, 1473 (9th Cir. 1986) (noting "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits"). If a motion to dismiss for failure to state a claim "is made after the answer is filed, the court can

treat the motion as one for judgment on the pleadings pursuant to [Rule] 12(c)." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *see* Fed. R. Civ. P. 12(h)(2) (authorizing a motion under Rule 12(c) to raise the defense of failure to state a claim, even after the answer has been filed).

**B.     Unfair Practices Claim**

The standard for dismissing claims under Rule 12(c) is "substantially identical" to the Rule 12(b)(6) standard set forth in *Iqbal*. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted); *see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ("Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is functionally identical to Rule 12(b)(6) and that the same standard of review applies to motions brought under either rule.").

Defendant argues that Plaintiff's claim for sex/gender discrimination under WLAD fails to meet the pleading standards of Federal Rule of Civil Procedure 8(a). Dkt. No. 14 at 2. Yet while purporting to apply Rule 8, Defendant instead subjects Plaintiff's complaint to a much stricter standard—the establishment of a prima facie case of gender discrimination. *Id.* at 3. Imposing such a high bar on a complaint's sufficiency is not appropriate at this stage of the proceedings. *See Austin v. Univ. of Or.*, 925 F.3d 1133, 1136–37 (9th Cir. 2019). As the Supreme Court held when discussing this issue with respect to federal antidiscrimination statutes, "The prima facie case . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).[1] Rule 8 requires only "a short and plain statement of the

---

[1] There is no analogous Washington case law that, as *Swierkiewicz* does with federal antidiscrimination law, expressly discusses the standards of notice pleading with respect to state-law claims brought under WLAD. However, "[Washington] courts have considered interpretations of analogous federal law in discrimination cases." *Hegwine v. Longview Fibre Co., Inc.*, 132 Wn. App. 546, 559, 132 P.3d 789 (2006); *see Ogden v. Pub. Util. Dist. No. 2 of Grant Cnty.*, No. C12-584, 2016 WL 1274543, at *23 (E.D. Wash. Mar. 31, 2016) (applying ADA standard to WLAD claim).

ORDER ON MOTION TO DISMISS - 4

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint here, while short and plain, is sufficient.

Defendant asserts that "[t]he Complaint contains only four substantive paragraphs." Dkt. No. 14 at 3. This observation is plainly inaccurate. Section IV of the Complaint details a series of indignities to which Defendant allegedly subjected Plaintiff, and Section V alleges that these indignities were unlawful. Dkt. No. 1 ¶¶ 4.1–5.12. Simply put, Plaintiff has alleged that: (1) Defendant treated—and compensated—male employees better than female employees; (2) Plaintiff complained to Defendant about this state of affairs; (3) Defendant ignored Plaintiff's complaint; and (4) Plaintiff was fired shortly thereafter. Dkt. No. 1 ¶¶ 4.1–4.8. This is a sufficient statement of a claim under Rule 8. Defendant argues that the "plaintiff must ultimately prove that her gender was a 'substantial factor' in [Defendant's] decision to terminate her employment." Dkt. No. 14 at 5. Under Washington law, this is certainly so. *See Scrivener v. Clark Coll.*, 181 Wn.2d 439, 444, 334 P.3d 541 (2014). And to be sure, between "plausibly allege" and "ultimately prove" lies substantial legal real estate. But Rule 8 does not require Plaintiff to lay claim to it at the outset of her case.

Therefore, as to Plaintiff's first claim, the Court DENIES Defendant's motion.

**C.    Wrongful Termination in Violation of Public Policy Claim**

Defendant argues that Plaintiff's claim of wrongful termination in violation of public policy (Dkt. No. 1 ¶¶ 5.9–5.12) must be dismissed because "the alleged 'public policy' at issue— retaliatory termination—is squarely and adequately protected by other laws, including the WLAD." Dkt. No. 14 at 6–7. But Defendant relies on an outdated interpretation of Washington law that no longer applies. "Courts no longer reject a wrongful discharge in violation of public policy because there are adequate statutory remedies: rather, dismissal of the tort claim is appropriate only where the alternative statutory remedy is intended to be exclusive." *Alexander*

1  *v. U.S. Gypsum Co.*, No. C18-810, 2018 WL 4931625, at *3 (W.D. Wash. Oct. 11, 2018) (citing

2  *Rose v. Anderson Hay & Grain Co.*, 184 Wn.2d 268, 285–86, 358 P.3d 1139 (2015)); *see Quinn*

3  *v. City of Vancouver*, No. C17-5969, 2021 WL 5182154, at *7 (W.D. Wash. June 9, 2021)

4  (same). Defendant here "makes no effort to show that the WLAD is plaintiff's exclusive remedy

5  such that it bars the related tort claim." *Alexander*, 2018 WL 4931625, at *3.

6       Therefore, as to Plaintiff's third claim, the Court DENIES Defendant's motion.

7  **D.    Punitive Damages Request**

8       "Washington prohibits punitive damages as a matter of public policy unless expressly

9  allowed by statute." *Pac. 5000, L.L.C. v. Kitsap Bank*, 22 Wn. App. 2d 334, 348, 511 P.3d 139

10  (2022) (citing *Dailey v. N. Coast Life Ins. Co.*, 129 Wn.2d 572, 574–75, 919 P.2d 589 (1996)).

11  Plaintiff does not point to any statutory provision that would permit her to recover punitive

12  damages for any of the harm alleged in her complaint. *See generally* Dkt. No. 1. Nor does

13  Plaintiff address the issue in her response to Defendant's motion to dismiss. *See generally* Dkt.

14  No. 15. "The Court may consider a failure to address the moving party's argument as an

15  admission that the argument has merit." *Spierling v. Great Lakes Servs. LLC*, No. C11-5837,

16  2012 WL 5292990, at *2 (W.D. Wash. Oct. 26, 2012) (citing LCR 7(b)(2)).

17       Therefore, as to Plaintiff's request for punitive damages, the Court GRANTS Defendant's

18  motion. *See Baughn v. Johnson & Johnson*, No. C15-5283, 2015 WL 4759151, at *3 (W.D.

19  Wash. Aug. 12, 2015) (dismissing without leave to amend plaintiff's request for punitive

20  damages under Rule 12(b)(6) because such damages were barred under Washington law).

21  //

22  //

23  //

24  //

## IV. CONCLUSION

Defendant's Motion to Dismiss (Dkt. No. 14) is GRANTED IN PART and DENIED IN PART. The Court DENIES Defendant's motion with regard to Counts I and III. The Court GRANTS Defendant's motion with regard to Plaintiff's prayer for punitive damages. Plaintiff's claim for punitive damages is therefore DISMISSED WITH PREJUDICE.

Dated this 13th day of November 2024.

Tana Lin
United States District Judge