1

2

3

4

5

The Honorable Tana Lin

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    ALICIA ESSELSTROM, an individual,

9                          Plaintiff,

10        v.

11   TEMPUS AI, INC., a Delaware corporation,

12                         Defendant.

No. 2:24-CV-01319-TL

STIPULATED PROTECTIVE ORDER[1]

13

14   1.        PURPOSES AND LIMITATIONS

15           Discovery in this action is likely to involve production of confidential, proprietary, or

16   private information for which special protection may be warranted. Accordingly, the parties hereby

17   stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

18   acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

19   protection on all disclosures or responses to discovery, the protection it affords from public

20   disclosure and use extends only to the limited information or items that are entitled to confidential

21

22

23

24

---

[1] The Court has made two additions to the Stipulated Protective Order, at page 4, lines 10–11; and at page 4, line 21. The additions provide that a Party who files a motion to seal must do so in accordance with Local Civil Rule 5(g)(3)(A).

STIPULATED PROTECTIVE ORDER (2:24-CV-01319-TL) - 1

treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: medical records; personnel information related to third parties (including information relating to compensation, discipline, and job performance); any party's financial information or tax records; any party's income statements, balance sheets, or documents that otherwise describe, contain or disclose internal company information; documents or communications relating to Tempus's trade secrets or competitive and strategic initiatives that are not readily ascertainable or publicly available, including pricing, sales, marketing, and operational metrics, methods, policies, and information; customer lists; and non-public customer information.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures

1  that access is limited to the persons authorized under this agreement.

2      4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

3  by the court or permitted in writing by the designating party, a receiving party may disclose any

4  confidential material only to:

5          (a)    the receiving party's counsel of record in this action, as well as employees

6  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

7          (b)    the officers, directors, and employees (including in house counsel) of the

8  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

9  agree that a particular document or material produced is for Attorney's Eyes Only and is so

10  designated;

11          (c)    experts and consultants to whom disclosure is reasonably necessary for this

12  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13          (d)    the court, court personnel, and court reporters and their staff;

14          (e)    copy or imaging services retained by counsel to assist in the duplication of

15  confidential material, provided that counsel for the party retaining the copy or imaging service

16  instructs the service not to disclose any confidential material to third parties and to immediately

17  return all originals and copies of any confidential material;

18          (f)    during their depositions, witnesses in the action to whom disclosure is

19  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

20  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

21  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

22  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

23  under this agreement;

24

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Filing Confidential Material. If any party intends to, or expects that it may, file Confidential Information documents with the Court for any reason, or use Confidential Information documents in any hearing or other Court proceeding, that party may do either of the following:

(a) Within fourteen (14) days of an intended motion filing, the moving party can give written notice ("Notice") to the party who designated the document (the "Designating Party") or other information as "Confidential Information" that identifies the specific documents the moving party intends or expects to file or use. Based on its good faith review of the identified documents, the Designating Party shall decide whether to apply to the Court for an order to seal such Confidential Information. A Designating Party shall file a motion to seal in accordance with Local Civil Rule 5(g)(3)(A) before expiration of the 14-day Notice period. If a motion to seal is filed, the moving party shall not file the Confidential Information until the Court has ruled on the motion to seal. The moving party may, however, file pleadings with the Court indicating that its filing will be supplemented as appropriate after the Court's ruling on the motion to seal; or

(b) If Notice is not possible for any reason under (a) above, the party intending to file or use Confidential Information documents will file a redacted version of the motion which does not include or reference the Confidential Information and will serve upon all other parties (and provide to the Judge's chambers) an unredacted version of the motion so as to allow the Designating Party an opportunity to justify why such Confidential Information should be sealed pursuant to applicable rules and law. The Designating Party shall file a motion to seal the Confidential Information in accordance with Local Civil Rule 5(g)(3)(A) within fourteen (14) days of service of the redacted motion. If no such motion to seal is timely made, the moving party shall

then proceed to file without sealing the unredacted motion containing the Confidential Information. Nothing in this section prohibits a moving party who is also the designating party from waiving its own confidentiality designations.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

STIPULATED PROTECTIVE ORDER (2:24-CV-01319-TL) - 5

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of

STIPULATED PROTECTIVE ORDER (2:24-CV-01319-TL) - 6

1    confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

2    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

3    burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

4    challenge a confidentiality designation by electing not to mount a challenge promptly after the

5    original designation is disclosed.

6          6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

7    regarding confidential designations without court involvement. Any motion regarding confidential

8    designations or for a protective order must include a certification, in the motion or in a declaration

9    or affidavit, that the movant has engaged in a good faith meet and confer conference with other

10   affected parties in an effort to resolve the dispute without court action. The certification must list

11   the date, manner, and participants to the conference. A good faith effort to confer requires a face-

12   to-face meeting or a telephone conference.

13         6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

14   intervention, the designating party may file and serve a motion to retain confidentiality under Local

15   Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

16   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

17   made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

18   other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

19   the material in question as confidential until the court rules on the challenge.

20   7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
             LITIGATION

21

22         If a party is served with a subpoena or a court order issued in other litigation that compels

23   disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

24   must:

STIPULATED PROTECTIVE ORDER (2:24-CV-01319-TL) - 7

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

STIPULATED PROTECTIVE ORDER (2:24-CV-01319-TL) - 8

1    10.    NON-TERMINATION AND RETURN OF DOCUMENTS

2    Within 60 days after the termination of this action, including all appeals, each receiving

3    party must return all confidential material to the producing party, including all copies, extracts and

4    summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

5    Notwithstanding this provision, counsel are entitled to retain one archival copy of all

6    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

7    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

8    product, even if such materials contain confidential material.

9    The confidentiality obligations imposed by this agreement shall remain in effect until a

10   designating party agrees otherwise in writing or a court orders otherwise.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 1/28/2025                              /s/ Patrick L. McGuigan
                                             Patrick L. Mcguigan, WSBA #28897
                                             HKM EMPLOYMENT ATTORNEYS LLP
                                             Attorneys for Plaintiff

DATED: 1/27/2025                              /s/ Melissa K. Mordy
                                             Melissa K. Mordy, WSBA #41879
                                             DAVIS WRIGHT TREMAINE LLP
                                             Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: January 28, 2025

_____
HONORABLE TANA LIN
United States District Court Judge

STIPULATED PROTECTIVE ORDER (2:24-CV-01319-TL) - 10

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Alicia Esselstrom v. Tempus AI, Inc.*, Case No. 2:24-cv-01319-TL. I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER (2:24-CV-01319-TL) - 11